The STATE OF ALASKA for the Use and Benefit of REDOUBT PLUMBING & HEATING, Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA, Defendant.

No. A93–093 Civil.

United States District Court, D. Alaska.

April 22, 1993.

Michael A. Brain, Royce & Brain, Anchorage, AK, for plaintiff.

D. Kirby Wright, Jr., Hintze, Herrig & Wright, Seattle, WA, for defendant.

## ORDER

### (Remand)

HOLLAND, Chief Judge.

Plaintiff moves[1] the court to remand this case to the Superior Court for the State of Alaska at Kenai from which it was removed by defendant. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

■ Plaintiff's claim for relief is based upon AS 36.25.020, Alaska's "Little Miller Act". By statute, the State of Alaska authorizes a contractor such as Redoubt Plumbing & Heating to bring suit "in the name of the State ... for the use of the person suing...." AS 36.25.020(c). The referenced subsection of the statute contains a requirement that the party suing in the state's name plead and prove compliance with state contractor's licensing statutes. AS 08.18.151. Alaska's Little Miller Act also provides that the state shall not be liable for costs or expenses of the suit. Nevertheless, the court concludes that the State of Alaska, if called upon to interpret this statute, would conclude that the state was the real party in interest.

The Alaska Supreme Court has held that the purpose of Alaska's Little Miller Act is to protect persons who furnish labor and material for state public works projects from the risks of nonpayment. In exchange for such protection, the state is assured that material and labor will be readily furnished for its projects. *State ex rel. White v. Neal & Sons,* 489 P.2d 1016, 1020 (Alaska 1971); and *McGee Steel Co. v. State ex rel. McDonald Industries Alaska, Inc.,* 723 P.2d 611, 616 (Alaska 1986). Also a part of the exchange is the fact that state contractors cannot file liens against the public buildings into which their work and materials are placed. The bond, such as that posted by defendant, stands in place of the improvement which would afford a contractor security through the mechanic's lien process as between private parties. AS 36.25.010. Because the

1. Clerk's Docket No. 2.

state has deprived contractors of any lien rights, and because in their stead the state has created a statutory security arrangement and cause of action for the purpose of realizing upon that security, the State of Alaska has a substantial interest in the outcome of actions such as this. The court therefore concludes that the state would take the position that it was a real party to this action— that is, a party having a substantial legal interest in the outcome of the case.

■ Inasmuch as the state is the real party, removal was not possible, for a state, like the United States, is not a "citizen" of the state for purposes of establishing diversity jurisdiction in federal court. *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973).

The motion to remand is granted.